## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA



**JACOB ALKOV,**

                Plaintiff,

vs.                        **CASE NO.**

                                          MAGISTRATE JUDGE
                                            SIMONTON

**BALMORAL APARTMENTS, INC.,**

                Defendant.

_____/

## COMPLAINT

### Jurisdiction

1.      Plaintiff, JACOB ALKOV ("Alkov") brings this action under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604, 3607, et seq., and for interference with a contractual relationship.

2.      Subject matter of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

### Parties

3.      At all times material, Alkov is an individual who resides in Miami-Dade County, Florida. In addition, Defendant is located within Miami Beach, Florida and all of the acts or omissions complained of herein have occurred or will occur within Miami-Dade County, Florida and or within the venue of the United States District Court Southern District of Florida.

4.      Defendant, Balmoral Apartments, Inc. ("Balmoral") is a corporation organized for the purpose of being a condominium association, organized under the laws of the State of Florida with the capacity to sue and be sued. It is the legal entity responsible for the actions alleged herein. Balmoral is sued in its own right and on the



basis of the acts of its officers, supervisors, employees and agents, which were and or are taken pursuant to its custom and policy.

## Statement of Facts

5.      In or about December 2001, Alkov signed a Residential Sale and Purchase Contract, agreeing to purchase condominium unit 101 located at 350 Collins Avenue, Miami Beach, Florida 33139 from Robert and Jacob Bemdapaste ("Sellers") for a sale price of $54,000.  In addition, the closing date and the deed of possession was to be delivered to Alkov on January 28, 2002.

6.      Alkov met all conditions precedent in purchasing on the above-described unit such as but not limited to furnishing a down payment, excellent credit history, references and employment verification.

7.      However, on or about January 23, 2002, Balmoral agents and or supervisors including but not limited to Nicoletta De Santis, Sam Bech and Joe Windish interfered with the transfer of the above-described deed to Alkov in violation of the FHA, by but not limited to interfering with the transfer of such deed based upon Alkov's age and also, by failing to publish age restrictions on subject property.  At such time, Alkov accused Balmoral of discriminating against him based on his age.

8.      Subsequent to wrongfully interfering with the transfer of the above-described deed to Alkov on or about January 23, 2002, Balmoral chose to register such age restriction(s) with Miami-Dade County on February 6, 2002.  A community such as Balmoral cannot claim an age exemption under the FHA unless it complies with the publication requirements demonstrating intent to provide housing for older persons before it is accused of discrimination; after is too late.  *See* Massaro v. Mainlands Section 1 & 2 Civic Association, Inc., 3 F.3d 1472 (11th Cir. 1993).

9.      On or about June 4, 2002, Alkov filed a housing discrimination complaint Charge Number H02 0606 029 with the Miami-Dade County Equal Opportunity Board ("Board"), alleging the allegations set forth herein.  At such time, the Board informed Alkov that it was automatically as its routine practice(s) to file a housing discrimination complaint form 903 with the Florida Commission on Human Relations, which investigates housing discrimination complaints with the United States Department of Housing and Urban Development ("HUD").

10.     The Board did not inform Alkov until February 5, 2004 that it was not overturning a September 30, 2003 decision, which was not notified to Alkov until the February 5, 2004 letter, in regard to the fact that Balmoral did not publish its intent to form an age fifty-five (55) or over community within the State of Florida.

11.     42 U.S.C. § 3613(1)(B) provides in relevant part, "The computation of such 2-year period shall not include any time during which an administrative proceeding under this title was pending with respect to a complaint or charge under this title based upon such discriminatory housing practice."

## Count I

## VIOLATION OF FHA

12.     Alkov realleges paragraphs 1-11 as if fully stated within.

13.     The foregoing conduct of Balmoral constitutes discrimination against Alkov in the terms, conditions, and privileges of sale of a dwelling because of illegal age discrimination and or non-publishing of age restrictions, which therefore does not allow Balmoral an age restriction exemption under the FHA.

14.     The United States Congress passed the FHA to ensure the removal of artificial, arbitrary, and unnecessary barriers when the barriers operate invidiously to discriminate on the basis of impermissible characteristics.

15.     Balmoral's absence of strict compliance with exemption requirements as to age restrictions comes in clear violation of the FHA.

16.     The record in the instant case contains both direct and indirect evidence of housing discrimination.

17.     Balmoral's actions were in total, intentional and reckless disregard of Alkov's rights.

18.     As a result of Balmoral's actions described above, Alkov suffers and continues to suffer economic damages including but not limited to the difference between the agreed sales price stated above and the present sales price.

**WHEREFORE**, Alkov prays that this Honorable Court will allow equitable tolling if necessary and to grant judgment for him and against Balmoral and for the following: (a) nominal damages; (b) economic damages including the amount referenced within ¶ 19 above; (c) punitive damages pursuant to 42 U.S.C. § 3613; (d) attorney's fees

and costs pursuant to 42 U.S.C. § 3613 and for such further relief as this Court deems just and proper.

## Count II

## INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

19.     Alkov realleges paragraphs 1-18 as if fully stated within.

20.     Balmoral intentionally interfered with the above-described contract between Alkov and Sellers.

21.     Balmoral knew of the above-described contract and knew it was interfering with such contract and knew that such interference was substantially certain to occur as a result of such interference.

22.     As a result of Balmoral's actions described above, Alkov suffers and continues to suffer economic damages including but not limited to the difference between the agreed sales price stated above and the present sales price.

**WHEREFORE**, Alkov prays that this Honorable Court will grant judgment for him and against Balmoral for the following: (a) economic damages including the amount referenced within ¶ 23 above; (c) punitive damages if so allowable, costs and for such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

23.    Alkov hereby demands trial by jury on all issues so triable.

Respectfully dated this _̣/ ()_ day of July 2005.

Thomas John Butler
FBN: 569178
Thomas Butler, P.A.
407 Lincoln Road, Suite 708
Miami Beach, Florida 33139
Telephone: (305) 673-3332
Facsimile:  (305) 538-9065
Appellatelaw@bellsouth.net
Counsel for Plaintiff

**JS 44 (Rev. 11/04)**

# CIVIL COVER SHEET
05-21968

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jacob Alkov
Pro se

**(b)** County of Residence of First Listed Plaintiff  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas Butler, Esq
Thomas Butler, P.A.
407 Lincoln Rd., Ste. 705
Miami Beach, FL 33139

## DEFENDANTS
Belmont Apartments, Inc

MAGISTRATE JUDGE SIMONTON

County of Residence of First Listed Defendant  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☑ DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 640 R.R. & Truck | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs. | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | **LABOR** | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☑ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sections 3604, 3607, et seq

LENGTH OF TRIAL via 6.5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ NA
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE ___  DOCKET NUMBER ___

DATE ___   SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___

$250.00  924543
07/20/05