

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21968-CIV-HUCK/SIMONTON

JACOB ALKOV,

    Plaintiff,

vs.

BALMORAL APARTMENTS, INC.,

    Defendant.

_____/



## ORDER OF DISMISSAL

THIS MATTER is before the Court on Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint for Lack of Standing, Failure to State a Claim, and Failure to Join Indispensable Parties (D.E. # 33). The Amended Complaint contains two counts: Count I for violation of the Fair Housing Act and Count II for interference with a contractual relationship. *See* Amended Compl. ¶ 1. Plaintiff asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 based on the Fair Housing Act claim, and supplemental jurisdiction under 28 U.S.C. § 1367 on his tortious interference claim.

Plaintiff's Response to Defendant's Motion to Dismiss contains the notice that Plaintiff "hereby voluntarily dismisses Count I of the amended complaint . . . ." Response at 2. Plaintiff requests an order from the Court "granting Plaintiff's motion to voluntarily dismiss Count I of the amended complaint." *Id.* at 6. However, pursuant to Fed. R. Civ. P. 41(a)(1)(i), the voluntary dismissal of Count I is not required because Defendant has filed neither an answer nor motion for summary judgment. Accordingly, Count I was voluntarily dismissed without prejudice upon Plaintiff's notice and only Count II for tortious interference remains.

In these circumstances, the Court has the discretion to exercise jurisdiction over Count II. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction"). *See also Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) (decision to continue to



exercise supplemental jurisdiction "should be and is vested in the sound discretion of the district court"). In exercising that discretion, the Court "should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999). "Both comity and economy are served when issues of state law are resolved by state courts." *Rowe*, 279 F.3d at 1288. This holds especially true where, as here, the claim over which the federal court had original jurisdiction was dismissed well before trial. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997).

For these reasons, the Court declines to exercise supplemental jurisdiction over Count II of the Amended Complaint. Accordingly, it is hereby

ORDERED that Count II of the Amended Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c). All pending motions are DENIED AS MOOT, and the case is CLOSED.

DONE AND ORDERED in chambers, Miami, Florida this 21st day of December, 2005.

Paul C. Huck
United States District Judge

Copies Furnished to:
All Counsel of Record